IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RANDY MILLARD, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| PRIME HEALTHCARE | ) | |
| FOUNDATION – SOUTHERN | ) | |
| REGIONAL, LLC D/B/A SOUTHERN | ) | |
| REGIONAL MEDICAL CENTER, | ) | |
| | | |
| Defendant. | | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Randy Millard ("Plaintiff" or "Mr. Millard") by and through undersigned counsel, and files this Complaint for Damages against Defendant Prime Healthcare Foundation – Southern Regional, LLC d/b/a Southern Regional Medical Center ("Defendant" or "Southern Regional"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Cogency Global, Inc. 900 Old Roswell Lakes Parkway, Suite 310, Fulton County, Roswell, GA 30076.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Cleveland Field Office in

Cleveland, Ohio, on June 12, 2018.

7.

On June 13, 2018, the Cleveland Field Office of the EEOC, transferred Plaintiff's charge of discrimination to the Atlanta District Office because the Respondent, Prime Healthcare Services, d/b/a Southern Regional Medical Center was located within their jurisdiction.

8.

Plaintiff requested and received the "Notice of Right to Sue" from the EEOC on October 15, 2018, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

10.

Defendant has now, and at all times relevant hereto, has been an employer subject to the ADA.

11.

Plaintiff began working for Defendant in February 2017 as Hospital Director

of Information Technology.

12.

On August 22, 2017, Plaintiff collapsed while working at Southern Regional Medical Center and was taken to the hospital's Emergency Department and diagnosed with a Brain AVM ("arteriovenous malformation").  Plaintiff was taken by ambulance to Wellstar.

13.

Following Plaintiff's collapse but prior to being moved to Wellstar, Plaintiff was told by Human Resources Director, Lois Demerick, that he would be out of work for at least six (6) months.  The ED Director, Brian Armstrong was also present.

14.

On August 23, 2017, Plaintiff had exploratory brain surgery.

15.

On August 24, 2017, Plaintiff was released from Wellstar.

16.

On August 25, 2017, Plaintiff returned to work.

17.

On October 5, 2017, Plaintiff had brain surgery and was told that follow-up radiation would be required.

18.

The day prior to Plaintiff's surgery, Plaintiff's assistant was contacted by HR Director, Lois Demerick and CFO Frank Malik and inquired about Plaintiff's projects moving forward.

19.

While in the hospital following surgery, Lois Demerick, called Plaintiff and advised Plaintiff that Southern Regional may not be keeping him.

20.

On October 16, 2017, Plaintiff returned to work with no limitations. Accommodations were not requested.

21.

Upon Plaintiff's return to work following recovery from surgery, he was given a Performance Improvement Plan ("PIP") by CFO Frank Malik. Plaintiff had not received any write-ups or disciplinary action prior to surgery.

22.

On January 12, 2108, Plaintiff was terminated by HR Director, Lois Demerick and CFO Frank Malik. No reason was given for termination and PIP not mentioned.

23.

At all times relevant, Plaintiff could perform the essential functions of his position.

24.

Rather than accommodate Plaintiff's disabilities, Defendant terminated Plaintiff's employment because of his disabilities.

25.

Defendant "regarded" Plaintiff as disabled within the meaning of the ADA.

26.

Defendant terminated Plaintiff because of his disability or perceived disability.

27.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of his disability and failed to provide Plaintiff with reasonable accommodations under the ADA.

28.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## **CLAIMS FOR RELIEF COUNT I**

## **(VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")**

## **(ADA DISCRIMINATION)**

29.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

30.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

31.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

32.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

33.

At times relevant to this action, Defendant and all individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

34.

Plaintiff's disability, or perceived disability was a determinative factor in Defendant's decision to terminate Plaintiff.

35.

At all times relevant, Plaintiff could perform the essential functions of his position with, or without a reasonable accommodation.

36.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

37.

In terminating Plaintiff and failing to accommodate his disabilities, Defendant discriminated against Plaintiff because of his disability, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

38.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional

distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

39.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

40.

Plaintiff seeks compensatory and punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

This 17th day of December, 2018.

**BARRETT & FARAHANY**

s/Ian E. Smith
Ian E. Smith
Georgia Bar No. 661492
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
iesmith@justiceatwork.com